**ILDHUSO FISHERIES, INC.,**
Plaintiff–Appellant,

v.

**NICHOLS BROTHERS BOAT BUILDERS, INC., Defendant–Appellee.**

Ildhuso Fisheries, Inc.,
Plaintiff–Appellee,

v.

Nichols Brothers Boat Builders, Inc., Defendant–Appellant.

Nos. 99–35087, 99–35102.
D.C. No. CV–97–01047–L.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2000.

Decided Jan. 8, 2001.

Before GOODWIN, SCHROEDER, and MICHAEL DALY HAWKINS, Circuit Judges.

## MEMORANDUM [1]

Ildhuso Fisheries, Inc. ("Ildhuso") appeals the judgment in favor of Nichols Brothers Boat Builders, Inc. ("Nichols Brothers") in Ildhuso's admiralty action seeking consequential damages resulting from a fire aboard its fishing vessel, the GUN–MAR. Nichols Brothers cross-appeals the district court's award of $10,000 compensation to Ildhuso for the time and

effort spent by Gunnar Ildhuso, Jr., Ildhuso's employee and manager of the GUN–MAR, aiding in the vessel's repairs.

### A. Consequential Damages

Ildhuso claims that the district court erred in barring its claim for consequential damages, including lost profits it suffered while the GUN–MAR was disabled following the fire in its engine room. Ildhuso admits that consequential damages are unavailable under Nichols Brothers' *express* warranty, but contends that the express warranty with its limitation of liability clause cannot preclude liability for breach of an *implied* warranty or for negligence. The district court concluded that the intent of the provision was to preclude "all consequential damages which resulted from Nichols' work."

■■■■ For a liability disclaimer to be enforced, the contract provision must be clear, unequivocal, and reflect the intent of the parties. *See Nathaniel Shipping, Inc. v. General Electric Co.*, 920 F.2d 1256, 1266 (5th Cir.1991); *Marr Enterprises, Inc. v. Lewis Refrigeration Co.*, 556 F.2d 951, 956 (9th Cir.1977); T. Schoenbaum, 1 Admiralty and Maritime Law, § 5–7, at 189 (1994). Generally accepted principles of contract law require any ambiguity to be construed against the party who drafted the language. *See Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 406 (9th Cir.1992). The district court should have held that the damages limitation applied only to the express warranty of the Repower Contract.

Relying on *Wagner v. Wagner*, 95 Wash.2d 94, 101, 621 P.2d 1279, 1283 (1980), the district court, saying that the Repower Contract should be construed so as to give effect to all of its provisions

---

**1.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

where possible, held for Nichols Brothers. Here, the terms of the warranty provide that the "[b]uilder warrants for six (6) months ... that the work ... will be free from defects.... This does not cover ... consequential damages which are the result of work accomplished by the builder." In this respect, the district court broadened the exculpatory provision within the warranty clause beyond the context of the warranty.

While Nichols Brothers argues in support of the summary judgment that allowing Ildhuso's claim to proceed on theories of liability other than breach of the express warranty would effectively eviscerate any preclusive effect of the limitation of liability clause and circumvent the parties' intent, the contract does not support that defense. It was possible to negotiate a broad exculpatory clause disclaiming consequential damages under any theory of liability as a matter of risk management. To avoid precisely the situation now presented, the parties could have negotiated, but did not do so, a global preclusion of consequential damages flowing from any work done pursuant to the Repower Contract, or negotiated outside the original contract in a continuing relationship between the parties. Broad, exculpatory agreements in maritime contracts are enforced. *See Arcwel Marine, Inc. v. Southwest Marine, Inc.,* 816 F.2d 468, 471 (9th Cir.1987); T. Schoenbaum, 1 Admiralty and Maritime Law, § 5–7, at 188–89 (1994). This court has stated that, "absent evidence of overreaching, clauses limiting liability in ship repair contracts will be enforced." *See M/V American Queen v. San Diego Marine Const. Corp.,* 708 F.2d 1483, 1488 (9th Cir.1983). However, no such clause was written into this contract, and the district court erred in writing it for the parties.

**B. Did the warranty remedy fail of its essential purpose?**

Ildhuso further asserts that Nichols Brothers' financial problems caused the limited repair or replace warranty to fail of its essential purpose, thereby negating the effect of the consequential damages disclaimer. We need not reach the validity of this argument in light of our holding that the express warranty clause did not spread its limitation of liability to all the work undertaken by Nichols Brothers during the course of dealings between the parties.

**C. On cross-appeal, the district court did not err.**

■ Nichols Brothers argues that the district court erred by awarding any sum to Ildhuso for the time and effort spent by Gunnar Ildhuso, Jr. aiding in the GUN–MAR's repair process.

The evidence was in dispute. The trial court's finding of facts in awarding the amount of $10,000 as compensation to Ildhuso was not clearly erroneous. *See L.K. Comstock & Company, Inc. v. United Engineers & Constructors, Inc.,* 880 F.2d 219, 221 (9th Cir.1989). It is undisputed that Gunnar Ildhuso, Jr. was an employee of Ildhuso, acted in the company's interest in furthering the GUN–MAR's repairs, and thus the corporation can recover for his time and work.

Finally, contrary to Nichols Brothers' contention, there is no risk of double recovery here that would give reason for this court to reverse the trial court's award of compensation to Ildhuso. Gunnar Ildhuso, Jr.'s separate lawsuit against Nichols Brothers is an independent tort cause of action seeking recovery for personal injuries. The claim in that case deals with lost income from those injuries, and not services rendered to repair problems or damage suffered by the GUN–MAR. Ildhuso is not seeking to recover twice for the

efforts that Gunnar Ildhuso, Jr. made pursuing the GUN–MAR's repairs.

We affirm the award of $10,000 as compensation to Ildhuso for the work of Gunnar Ildhuso.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED. Each party to bear its own costs.